UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON


CIVIL ACTION NO. 09-151-GWU


KATHLEEN A. MAURER,                                               PLAINTIFF,


VS.                    **MEMORANDUM OPINION**


MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.


## INTRODUCTION

Kathleen Maurer originally brought <u>Maurer v. Astrue</u>, Covington Civil Action

No. 06-199 (E.D. Ky), to obtain judicial review of an unfavorable administrative

decision on her applications for Disability Insurance Benefits (DIB) and for

Supplemental Security Income (SSI).    After a period of administrative

reconsideration prompted by the Honorable William Bertelsman's Memorandum

Opinion, Order, and Judgment of April 23, 2007 (Tr. 614-627), it is before the

undersigned on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

> 1.    Is the claimant currently engaged in substantial gainful activity?
>       If so, the claimant is not disabled and the claim is denied.

1

2.      If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities?  If not, a finding of non-disability is made and the claim is denied.

3.      The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.      At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.      If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.

1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir.

1997).

        Review of the Commissioner's decision is limited in scope to determining

whether the findings of fact made are supported by substantial evidence.  Jones v.

Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir.

1991).  This "substantial evidence" is "such evidence as a reasonable mind shall

accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

to afford or obtain treatment to remedy his condition, <u>McKnight v. Sullivan</u>, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. <u>Studaway v. Secretary</u>, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a <u>prima facie</u> case by proving that he or she is unable to return to work. <u>Cf. Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  <u>Id.</u> at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  <u>E.g.</u>, <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The court must first determine the time period relevant to this appeal. Maurer alleged a disability onset date of April 26, 2002 on her DIB application. (Tr. 602). Her SSI application was given a protective filing date of September 15, 2003. (Id.). The plaintiff was found disabled based upon application of Rule 202.06 as of January 30, 2005. (Tr. 606). Therefore, she must prove she became disabled between April 26, 2002 and January 29, 2005 to qualify for DIB and between September 15, 2003 and January 29, 2005 to qualify for SSI.

The Administrative Law Judge (ALJ) concluded that Maurer, during the time period pertinent to this appeal, suffered from impairments related to the residuals of a cerebrovascular accident, hypertension, coronary artery disease, depression and post-traumatic attention deficit. (Id.). While the plaintiff was found to be unable to return to her past relevant work, she retained the residual functional capacity to perform a restricted range of light level work. (Tr. 605-606). Since the available

work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 606).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.

After review of the evidence presented, the undersigned concludes that the administrative decision is not supported by substantial evidence.  However, the current record also does not mandate an immediate award of Social Security benefits.  Therefore, the court must grant the plaintiff's summary judgment motion, in so far as it seeks a remand of the action for further consideration, and deny that of the defendant.

When this action was previously remanded, no new evidence was obtained. Maurer waived her right to another hearing.  (Tr. 642-643).  Therefore, the ALJ relied upon the same evidence, including the vocational expert testimony, obtained prior to the remand of the action.

This action was previously remanded by Judge Bertelsman because the ALJ failed to explain how he determined the residual functional capacity assessment finding relied upon in the action as required by Social Security Ruling 96-8p.  (Tr. 623-624). The ALJ was also found to have failed to properly address Maurer's problems with fatigue.  (Tr. 625).  Following the remand, the ALJ discussed these issues, at least with regard to the plaintiff's physical condition, and adopted the prior residual functional capacity finding.  (Tr. 602-607).

The hypothetical question presented to Vocational Expert Micha Daoud included an exertional limitation to light level work restricted from a full range by such non-exertional restrictions as (1) an inability to more than occasionally stoop, kneel, crouch, or climb stairs and ramps; (2) an inability to ever crawl, balance or climb ladders, ropes and scaffolds; (3) a need to avoid exposure to unprotected heights or hazardous machinery; (4) an inability to more than occasionally forcefully grasp with the right hand; (5) an inability to more than occasionally forcefully use the right lower extremity; (6) an inability to remember or carry out detailed instructions; and (7) an inability to perform more than simple reading, writing or math. (Tr. 584). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 585-588). The ALJ relied upon this information to support the denial decision. (Tr. 605-606).

Dr. Roger Chang, a treating physician, opined in September of 2004 that Maurer was totally disabled. (Tr. 500). The ALJ rejected this finding because, under the federal regulations at 20 C.F.R. § 404.1527(e)(1), this is a conclusion reserved to the Commissioner. (Tr. 603). This finding had been made when this action was previously before the ALJ and was affirmed by Judge Bertelsman. (Tr. 621-622). Nevertheless, this opinion does not support the administrative denial decision.

Dr. Richard Sheridan, an examining consultant, opined that Maurer would be restricted to sedentary level work for one hour a day. (Tr. 390). The ALJ adopted the earlier finding that this opinion was not well-supported. (Tr. 603). This finding was also

9

affirmed by Judge Bertelsman.  (Tr. 623).  This opinion also does not support the administrative denial decision.

Dr. Robert Chevalier testified at the administrative hearing as a medical advisor. (Tr. 556-580).  Dr. Chevalier testified that Maurer would be restricted to less than a full range of sedentary level work.  (Tr. 576-578).  The ALJ rejected this opinion as binding for the same reasons as in the earlier opinion.  (Tr. 603).  This finding was also affirmed by Judge Bertelsman.  (Tr. 623).

The ALJ relied upon the opinion of Dr. Thomas Gregg, a non-examining medical reviewer, who saw the record in December of 2003.  (Tr. 604).  Dr. Gregg opined that Maurer would be limited to light level work, restricted from a full range by such non-exertional limitations as (1) a limited ability to push and pull in the upper extremities; (2) an inability to more than occasionally balance, stoop, kneel, crouch, or crawl; (3) an inability to ever climb ladders, ropes or scaffolds; (4) a limited ability to reach overhead, handle and finger; and (5) a need to avoid exposure to extreme heat and cold.  (Tr. 448-451).  Although unmentioned by the ALJ, Dr. Humilidad Anzures, another non-examining medical reviewer, noted the same restrictions in April of 2004.  (Tr. 472-480).  An ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for their differing opinion.  Blakely v. Commissioner of Social Security, 581 F.3d 399, 409 (6th Cir. 2009).  In the present action, neither Dr. Gregg nor Dr. Anzures addressed the specific physical restrictions

10

indicated by Dr. Sheridan to articulate reasons why they disagreed with the actual examiner's opinion.  (Tr. 444-453, 472-480).  Furthermore, neither reviewer saw a complete record, including Dr. Chang, the treating source, who issued his disability opinion in September of 2004.  (Tr. 500).  Additional records from Dr. Chang dated between December, 2004 and August 2005 were also not seen by either reviewer.  (Tr. 508-516).  The record also included additional treatment notes from Dr. Charles Breen from March of 2005 which no reviewer saw.  (Tr. 517-524).  Social Security Ruling 96-6p indicates that when the opinion of a non-examiner is credited over treating and examining sources, the non-examiner should have seen a complete record.  Therefore, the ALJ' s reliance upon Dr. Gregg was misplaced and the advice of a medical advisor who had seen a complete record should have been obtained.

The ALJ also did not properly discuss his reasons for adopting the mental restrictions of the residual functional capacity assessment as required by Social Security Ruling 96-8p.  As previously noted, the only mental restriction found by the ALJ concerned an inability to remember or carry out detailed instructions. However, Psychologists Laura Cutler and Edward Stodola each reviewed the record and completed Mental Residual Functional Capacity Assessment Forms indicating that Maurer would be "moderately" limited in maintaining attention and concentration for extended time periods, performing activities within a schedule, maintaining regular attendance and being punctual within customary tolerances, interacting appropriately

with the general public, and responding appropriately to changes in the work setting. (469-470, 496-497).  No restrictions concerning attention and concentration, performing activities within a schedule or interacting with the general public were noted and the ALJ provided no explanation as to why these significant factors were omitted.

Psychologist Stan Heck examined Maurer and diagnosed an atypical mood disorder and post traumatic attention deficit.  (Tr. 412).  The examiner opined that the plaintiff was not currently able to work but might be able to with intervention and the passage of time.  (Tr. 413).  Psychologist Thomas McCann, another examiner, diagnosed a depressive disorder and found it questionable whether the claimant was ready for work.  (Tr. 407).  These opinions concern the ultimate issue of disability and, as previously noted, are reserved to the Commissioner.  However, these opinions do not support the administrative denial decision.

The ALJ still has not properly explained his residual functional capacity assessment with regard to Maurer's mental condition as required by Judge Bertelsman in his decision remanding this action to the Commissioner.  The mental restrictions of the hypothetical question did not fairly depict the plaintiff's condition.  Therefore, this failure to deal properly with the claimant's mental problems also requires a remand of the action for further consideration.

The undersigned concludes that the administrative decision must be reversed and the action remanded to the Commissioner for further consideration.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 22nd day of July, 2010.

Signed By:

_G. Wix Unthank_

**United States Senior Judge**